IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SABRINA SUCKOLL,<br><br>        Plaintiff,<br><br>   vs.<br><br>WALMART, INC.; NICOLE KUAILANI; and DOE DEFENDANTS 1-25,<br><br>        Defendants. | Case No. 21-cv-00385-DKW-KJM<br><br>**ORDER GRANTING MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff Sabrina Suckoll seeks to remand her employment discrimination case to State court for lack of complete diversity because she, like Defendant Nicole Kuailani, are both citizens of Hawai'i. Walmart asserts that Kuailani's citizenship should be ignored for purposes of determining diversity *first* because she has not yet been served, and *second* because of fraudulent joinder.

Neither of Walmart's arguments is persuasive. First, diversity depends on the citizenship of the parties named in the complaint at the time of removal "regardless of service or non-service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). Second, it is far from evident that Kuailani was fraudulently joined because Walmart does not claim actual fraud and has not shown that Suckoll cannot state a claim against Kuailani.

1

As a result, because this Court lacks diversity jurisdiction, the only basis for subject matter jurisdiction cited in Walmart's notice of removal, this action is REMANDED to the First Circuit Court for the State of Hawai'i.

## LEGAL STANDARD

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), a defendant may timely remove any civil action from State court to federal court, provided the federal court has original jurisdiction over the action. As relevant here, one basis for federal jurisdiction is diversity of citizenship under 28 U.S.C. § 1332(a), which consists of actions "between . . . citizens of different States" in which the amount in controversy exceeds $75,000.[1] Diversity jurisdiction requires "*complete* diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)) (emphasis added).

"Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Indeed, "[f]ederal jurisdiction

---

[1]The parties here do not dispute that the amount in controversy exceeds $75,000, and no other basis for federal subject matter jurisdiction has been proffered. *See* Dkt. No. 1, ¶ 7; Dkt. No. 7-1 at 5.

must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## RELEVANT BACKGROUND

On August 24, 2021, in the First Circuit Court for the State of Hawai'i, Suckoll sued her employer Walmart, Inc., her immediate supervisor Nicole Kuailani, and "Doe" Defendants 1–25 for gender discrimination and retaliation under state law. Complaint, Dkt. No. 1, Exh. A, ¶¶ 1–4. Suckoll and Kuailani are both citizens of Hawai'i. *Id.* at ¶ 1; Dkt. No. 13 at 5. Walmart is a citizen of Delaware, its place of incorporation, and Arkansas, its principal place of business. *See* Dkt. No. 13 at 4; 28 U.S.C. § 1332(c)(1). Walmart was served on August 26, 2021. Dkt. No. 6 at 4. Kuailani has not yet been served. *See id.*

Suckoll alleges three state law-based employment claims: (1) gender discrimination, in violation of Haw. Rev. Stat. (H.R.S.) § 378-2(a)(1), against Walmart; (2) retaliation, in violation of H.R.S. § 378-2(a)(2), against Walmart; and (3) aiding and abetting Walmart's discriminatory actions, in violation of H.R.S. § 378-2(a)(3) and the common law, against Kuailani. Complaint at ¶¶ 32–49.[2]

---

[2] H.R.S. § 378-2(a) provides, in relevant part:

It shall be an unlawful discriminatory practice:

(1) Because of . . . sex . . . [f]or any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment;

Suckoll's claims are based on the following alleged facts: Suckoll worked at Walmart as an Assistant Manager beginning in 1999, *id.* at ¶¶ 10–11; on an unnamed date, she became subject to Kuailani's supervision, *id.* at ¶ 12; Kuailani generally favored male employees over females, *id.* at ¶ 16; Kuailani often cursed at female employees but never males, *id.* at ¶ 17; Kuailani chronically understaffed areas assigned to female management and then criticized the female supervisor for her area's performance, but did not do the same to men, *id.* at ¶ 18–19; Kuailani gave unfairly critical evaluations to female employees, *id.* at ¶ 20; Kuailani approved Sunday leave for male employees, allowing them to watch NFL football games, but denied female employees scheduling adjustments for emergency health care needs, *id.* at ¶ 21; Kuailani frequently allowed her female significant other, who was not employed by Walmart, to work at the store and bark orders at the female employees, *id.* at ¶¶ 25–26; and finally, Kuailani and Walmart ultimately terminated Suckoll on August 19, 2019 for fabricated disciplinary events and other pretextual reasons and replaced her with a less experienced, less qualified male. *Id.* at ¶¶ 22–23, 27–29.

---

(2) For any employer . . . to discharge . . . or otherwise discriminate against any individual because the individual has opposed any practice . . . or has filed a complaint . . . respecting the discriminatory practices prohibited under this part;

(3) For any person, whether an employer, employee, or not, to aid, abet, incite, compel, or coerce the doing of any of the discriminatory practices forbidden by this part . . . .

On September 15, 2021, after service solely on Walmart, Walmart removed the action to this Court, asserting diversity jurisdiction—even though Walmart acknowledges Suckoll and Kuailani are both citizens of Hawai'i, and thus, non-diverse—because Kuailani "has not been served." Dkt. No. 1, ¶¶ 6–7. On September 24, 2021, Suckoll moved to remand to State court for lack of complete diversity. Dkt. No. 7-1.

On October 22, 2021, Walmart opposed remand, restating its original non-service argument and adding a new argument that Kuailani was fraudulently joined. Dkt. No. 13. On October 29, 2021, Suckoll replied, denying fraudulent joinder. Dkt. No. 14. After considering the parties' briefings, the Court elected to decide the case without oral argument. Dkt. No. 15. This Order follows.

## DISCUSSION

Both parties agree that Suckoll and Walmart are diverse. *See* Dkt. No. 1, ¶¶ 4, 6, 7; Dkt. No. 7-1 at 1–2. Thus, the only question is whether Kuailani counts in the diversity calculus.[3] Contrary to Walmart's contentions, (1) non-service does not exclude Kuailani from that calculus, and (2) it is not evident that Kuailani was fraudulently joined. Accordingly, because Walmart has not carried its burden of

---

[3]Doe Defendants 1–25 do not affect diversity because they have yet to be identified. 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of [diversity], the citizenship of defendants sued under fictitious names shall be disregarded.").

demonstrating this Court's subject matter jurisdiction, a necessary predicate for removal, this case must be REMANDED to State court.

## I.   Kuailani destroys diversity even though she has not been served.

Walmart argues Kuailani's non-diverse citizenship should be ignored because she has not been served.  Dkt. No. 1, ¶¶ 6–7.   As Suckoll points out in both her Motion to Remand and her Reply, the Ninth Circuit does not agree.  Dkt. Nos. 7-1 at 7; 14 at 2.  In *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969), the Ninth Circuit held: "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Vitek,* in other words, explicitly rejected any notion that "[Section] 1441(b), by implication, expand[s] removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity ha[s] not been served." *Id.* at 1176 n.1.[4]  Inexplicably, Walmart continues to assert this non-service argument in its Opposition Brief, including reference to the inapplicable

---

[4]Other circuits have held likewise.  *See, e.g.*, *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("[Defendant]'s non-diverse citizenship cannot be ignored simply because he [i]s an unserved defendant."); *United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("[I]n the absence of [actual] dismissals, [diversity] jurisdiction must be determined from the face of the pleading and not from returns of service of process or lack thereof."); *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 217–18 (7th Cir. 1997) (similar); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) (similar).

"forum defendant" rule in Section 1441(b),[5] without addressing *Vitek*.  *See* Dkt. No. 13 at 2 ("Because Kuailani was not properly joined and served at the time of removal, there was complete diversity and removal was proper.").  Because *Vitek* forecloses Walmart's approach, the absence of service on Kuailani cannot provide it with a basis to overcome the lack of diversity between Suckoll and Kuailani.

## II.    Kuailani has not been fraudulently joined.

As an initial matter, Walmart waived its claim of fraudulent joinder by failing to timely present that basis for removal.  Walmart was required to file a "notice of removal . . . containing a short and plain statement of the grounds for removal . . . within 30 days after [receiving] . . . a copy of the initial pleading."  28 U.S.C. § 1446(a)–(b)(1).  "[T]he notice must make the basis for federal jurisdiction clear, and contain enough information so that the district judge can determine whether jurisdiction exists."  14C Charles Alan Wright et al., *Fed. Prac. & Proc.* § 3733 (4th ed. 2017).  In its Notice of Removal, Walmart never mentioned fraudulent joinder; it premised removal on non-service alone.  Dkt. No. 1.  Only after Suckoll filed her Motion to Remand, drawing Walmart's attention to *Vitek*, Dkt. No. 7-1 at 7, did Walmart add the new claim of fraudulent joinder in its

---

[5]Section 1441(b) provides, "A civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Opposition brief—57 days after service of the Complaint and well beyond Section 1446's 30-day cut-off.  *See* Dkt. No. 13.

After the 30-day window has expired, "defendants may not add completely new grounds for removal or furnish missing allegations."  14C Wright et al., *Fed. Prac. & Proc.* § 3733; *City of Oakland v. BP PLC*, 969 F.3d 895, 911 n.12 (9th Cir. 2020) (holding notice of removal cannot be untimely amended to add an entirely new basis for removal); *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) (holding defendants can make technical clarifications to "allegations of jurisdiction previously made" but cannot "add allegations of substance").  Fraudulent joinder is an entirely new basis for removal based on diversity that is waived if not timely raised.  Many other district courts have held likewise.  *See, e.g.*, *Dasilva v. Germany*, 514 F. Supp. 3d 393, 399 (D. Mass. 2021); *Ramirez v. McMoRan Expl. Co.*, 2011 WL 3324320 (W.D. Tex. 2011) at *3 (holding defendant could not raise fraudulent joinder anew "in response to a well-crafted motion to remand" and compiling seven other district court cases holding the same); *Sullivan v. BNSF Ry. Co.*, 447 F. Supp. 2d 1092, 1099 (D. Ariz. 2006) ("It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground.") (citation omitted); *Castle v. Laurel Creek Co., Inc.*, 848 F. Supp. 62, 66 (S.D.W. Va. 1994).

Nonetheless, even if fraudulent joinder had not been waived, it still provides Walmart with no refuge.  In determining diversity, a district court must disregard the citizenship of a defendant who is fraudulently joined.  *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).  But like the "strong presumption against removal," *Gaus*, 980 F.2d at 566, there is a "general presumption against fraudulent joinder."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).  Accordingly, "the party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden.'"  *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046).

There are two independent ways to meet this heavy burden: by showing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044 (citation omitted).  The Court addresses only the second way because Walmart does not assert the first.  *See* Dkt. No. 13 at 6–8.

To establish the "inability" to state a cause of action, a party must show that the purportedly fraudulently joined defendant "cannot be liable on any theory" as is "obvious according to the settled rules of the state."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  Thus, the party must show not only that the claim in the complaint is deficient, but also that such deficiency may not "be cured by granting the plaintiff leave to amend."  *Grancare, LLC v. Thrower*, 889

9

F.3d 543, 549–50 (9th Cir. 2018).  *See, e.g.*, *Ritchey*, 139 F.3d at 1320 (finding fraudulent joinder where plaintiff was barred by the statute of limitations from bringing any claims against the defendant, rendering futile any potential amendment); *United Comput. Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (finding fraudulent joinder where plaintiff's claims were all predicated on a contract to which the defendant was not a party); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (finding fraudulent joinder where defendant's conduct was specifically privileged by state law).[6]

Suckoll claims Kuailani violated H.R.S. § 378-2(a)(3).  Complaint at  ¶ 7. To state a claim under the "broad language" of this section, *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawai'i 408, 442 (Haw. 2001), Suckoll must (1) allege that Kuailani aided, abetted, incited, compelled, or coerced discriminatory conduct and (2) identify another entity or person who was so aided.  *See White v. Pac. Media Grp., Inc.*, 322 F. Supp. 2d 1101, 1115 (D. Haw. 2004) (citation omitted) (holding defendant "cannot be liable for aiding and abetting himself"); *see, e.g.*, *Lales v. Wholesale Motors Co.*, 133 Hawai'i 332, 368–69 (Haw. 2014) (Acoba, J., concurring) (explaining supervisor may have violated Section 378-2(a)(3) where

---

[6]The standard for fraudulent joinder is higher than that under Fed. R. Civ. P. 12(b)(6).  *Grancare*, 889 F.3d at 549 ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits. . . .  The relative stringency of th[e fraudulent joinder] standard accords with the presumption against removal jurisdiction.").

he (1) incited subordinate coworkers to harass plaintiff and (2) aided in plaintiff's firing by giving pretextual reasons to support termination).

In its attempt to prove fraudulent joinder, Walmart gives two reasons why Suckoll "cannot establish an aiding and abetting claim against Kuailani" under Section 378-2(a)(3). Dkt. No. 13 at 9. *First*, Suckoll "does not actually identify" any other wrongdoer "as having participated in any of the alleged discriminatory conduct." *Id.* at 7–8. *Second*, Suckoll's Complaint, ¶ 47, alleges that "Kuailani and other members of Defendant [Walmart]'s management conspired, aided, abetted, incited, compelled, coerced, or allowed" discrimination, but *allowing* discrimination is not proscribed by Section 378-2(a)(3). Walmart insinuates that Suckoll intentionally sneaked the word "allowed" into her claim because that is all she can prove. Dkt. No. 13 at 8.

At best, these facts may show that Suckoll has not *yet* stated a claim under Section 378-2(a)(3). But that is not the test for fraudulent joinder. Neither argument shows that Suckoll cannot cure the cited defects, assuming they are defects.[7] Since Walmart has not shown Suckoll's "inability" to state a claim

---

[7]Whether Suckoll's complaint currently states a claim is left to the assigned State court judge to determine. If it does not, it is reasonable to expect Suckoll would be allowed to amend her Complaint given Hawaiʻi's liberal rules on amended pleadings. *See Kamaka v. Goodsill*, 176 P.3d 91, 111 (Haw. 2008) (citing Haw. R. Civ. P. 15(a)(2)'s directive that leave to amend should be "freely given when justice so requires").

against Kuailani, Walmart's fraudulent joinder theory cannot serve as a basis to ignore the absence of diversity between Kuailani and Suckoll.[8]

## CONCLUSION

For the reasons set forth herein, Suckoll's Motion to Remand, Dkt. No. 7, is GRANTED. This case is hereby REMANDED to the First Circuit Court for the State of Hawai'i, pursuant to 28 U.S.C. § 1447(c). The Clerk is instructed to mail a certified copy of this Order to the clerk of the First Circuit Court and then CLOSE this case.

IT IS SO ORDERED.

DATED: November 9, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

[8]Walmart makes a final argument for fraudulent joinder that hardly bears acknowledgment. Dkt. No. 13 at 8–9. In a single paragraph of its Opposition brief, Walmart contends, "Even if Suckoll . . . amends her complaint to allege an aiding and abetting claim against Kuailani, which she has not done at this time, Suckoll will not be able to prove that Kuailani aided or abetted any other Walmart manager against Suckoll. At the time Walmart made the decision to terminate Suckoll for repeated performance failures, Kuailani had given Suckoll more chances to improve than Kuailani understood her own superiors thought Suckoll deserved." *Id.* In support, Walmart provides Kuailani's own Declaration in which she claims that her own "efforts to help Suckoll . . . were acknowledged by the market manager and regional manager, who commented to the effect that [Kuailani] had given Suckoll more chances than they would have done." Dkt. No. 13-1 at ¶ 2–4. From this, Walmart concludes "there was no one for Kuailani to aid, abet, incite, compel, or coerce." Dkt. No. 13 at 9. This is nonsense. "[A] denial, even a sworn denial, of allegations does not prove their falsity." *Grancare*, 889 F.3d at 551. And even accepting the self-serving Declaration as true, it does not foreclose the viability of an aiding and abetting claim. Walmart's argument is appropriate, at best, on summary judgment and does nothing to prove "inability."